UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMRON BELCHER, | |
| Plaintiff, | Case No. 1: 21-cv-00393-BLW |
| vs. | **INITIAL REVIEW ORDER BY SCREENING JUDGE** |
| JOSH TEWALT, WARDEN JAY CHRISTENSEN, DEPUTY WARDEN TIMOTHY McKAY, LT. TYLER NICKODEMUS, CLINICIAN IDA, and CLINICIAN HEART, | |
| Defendants. | |

The Complaint of Plaintiff Camron Belcher was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the Complaint, the Court has determined that Plaintiff will be permitted to proceed in part.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

# REVIEW OF COMPLAINT

1. **Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. at 678. In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

### 2. Plaintiff's Hand Injury Claim

#### A. *Standard of Law*

To state an Eighth Amendment claim regarding prison medical care, a prisoner must allege that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). A complaint alleging that a defendant acted with deliberate indifference requires factual allegations that show "both '(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

### B.     Facts Alleged

Plaintiff is an Idaho Department of Correction (IDOC) prisoner. Before he was imprisoned, he was in a car accident, which caused glass fragments to become lodged in his hand. After imprisonment, he complained of pain from the glass fragments. Two providers recommended surgery to remove the fragments, but prison officials ignored the recommendations and did not provide the surgery. Out of frustration and desperation, Plaintiff finally cut his hand open himself and removed the glass.

### C.     Discussion of Claims against Rona Siegert

Plaintiff may proceed on an Eighth Amendment deliberate indifference claim against Defendant Rona Siegert, who answered his grievance but allegedly did not provide timely treatment for the glass embedded in his hand. Plaintiff alleges that he performed "self-surgery" because prison officials failed to treat him in a timely manner; however, that is not a claim, but an injury resulting from the failure to provide surgery.

Plaintiff will not be permitted to proceed against the other defendants at this time for the reasons discussed below.

### D.     Discussion of Claims against Corizon

To bring a § 1983 claim against a private entity performing a government function, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

That is, "[an entity] can be found liable under § 1983 only where the [entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). All policy-based claims must meet the pleading standards clarified by *Bell Twombly* and *Iqbal*, *supra*.

Without specific factual allegations about (1) what the Corizon policies were; (2) what the Corizon policymakers actually did, and (3) how the policies caused the medical providers to provide inadequate care, Plaintiff has not stated a claim. For example, he must allege facts raising a plausible inference that the delay in provision of treatment was not due to the provider's own independent decisions regarding how to conservatively treat Plaintiff's condition, based on her educational training and work experience. An official's erroneous act or omission does not necessarily mean that the entity has a policy encouraging or requiring that act or omission.

If Plaintiff later discovers additional facts about a policy underlying the reasons why he was denied treatment, he may amend his Complaint to add Corizon back in as a defendant. His present allegations are insufficient.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

### E. Discussion of Claims against Supervisory Defendants

Plaintiff also sues the following officials in their individual capacities: the Corizon regional medical director; Warden Jay Christensen; and Timothy McKay. Plaintiff has not set forth plausible allegations showing that these officials personally participated in the alleged Eighth Amendment violation regarding lack of care for Plaintiff's hand injury. For example, while it is clear from Plaintiff's grievance that Defendant Siegert personally knew of Plaintiff's condition and said she was going to ask the Corizon regional medical director to review Plaintiff's request for surgery, nothing in the record shows she actually did so or that the Corizon regional medical director had actual notice of the request for surgery. Plaintiff may not proceed against the Corizon regional medical director without additional facts showing that he or she, in fact, knew of and ignored or delayed Plaintiff's request for surgery. Again, if Plaintiff discovers additional facts supporting a claim against any of these defendants, he may assert it before the amendment deadline.

## 3. Conditions of Confinement Claims

### A. Standard of Law

The conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer*, 511 U.S. at 832; *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Gamble,* 429 U.S. at 102. Conditions of confinement may be harsh and restrictive without being a violation of the Eighth Amendment; they cross the

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

line of acceptability when they (1) involve "the wanton and unnecessary infliction of pain," (2) are "grossly disproportionate to the severity of the crime warranting imprisonment," (3) result "in unquestioned and serious deprivation of basic human needs, or (4) deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

### B. Factual Allegations

Plaintiff also asserts that he was housed in conditions that amounted to cruel and unusual punishment. Prisoners were double-celled in heat of over 100 degrees. The cells smelled of feces and were unbearable because of the temperature and the smell. Prison officials said they in the process of fixing the ventilation system (there is no air conditioning in the maximum security prison cells), and told Plaintiff they would move him from the cell after he complained.

Plaintiff also contends that he was kept in a cell for 72 hours with only 15 minutes of recreation time. He asserts that the lack of ability to exercise and work out caused him to gain 50 pounds, which in turn caused other health problems. The total length of time Plaintiff was celled in this manner is unclear.

Plaintiff seeks damages and injunctive relief for damages caused by prison officials' deliberate indifference to his mental and physical health.

### C. Discussion of Conditions of Confinement Claims

Plaintiff's conditions of confinement claims are unrelated to his medical care claims. For the following reasons, these claims will be severed into a new action, and he

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

will be required to file an amended complaint in that action to clarify the facts supporting his claims and to clarify which claims he is asserting against which defendants.

In federal court, claims against multiple defendants within a single pleading must meet the criteria of Federal Rule of Civil Procedure 20(a)(2), which requires that at least one claim against all defendants must "arise out of the same transaction, occurrence, or series of transactions or occurrences" and raise "a question of law or fact common to all defendants." Claims that do not meet the criteria must be separated into different lawsuits. *See, e.g., George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007)("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.").

For each cause of action against each defendant in the amended complaint, Plaintiff must state the following—organized in separate sections for each defendant: (1) the name of the person or entity that caused the alleged deprivation of his constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the particular constitutional provision Plaintiff alleges has been violated; (5) the specific conduct or action Plaintiff alleges is unconstitutional, including facts alleging that the elements of the constitutional violation are met; (6) the injury or damages Plaintiff personally suffered; and (7) the particular type of relief he is seeking from each defendant. In addition, Plaintiff shall include facts

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

showing that he can meet the *Monell* requirements if Plaintiff wishes to sue a private entity, or a county or city entity, as explained below.

After Plaintiff follows this pattern for the first defendant and the first cause of action against that defendant, he shall repeat the pattern for each additional cause of action against that defendant. After Plaintiff finishes all the causes of action against the first defendant, he shall proceed to follow this pattern for each additional defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading, and cannot rely upon or incorporate by reference prior pleadings. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012)(en banc).

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 30 days, or if the amendment does not comply with Rule 8, this case may be dismissed with prejudice without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013).

4. **Conclusion**

Plaintiff may proceed on his medical claims against Rona Siegert as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

claims is plausible and should proceed to the next stage of litigation. If, during the course of proceedings, the discovery process reveals facts showing that other defendants were involved in his treatment, he may file an amended complaint with a motion to amend.

Plaintiff may not proceed on his conditions of confinement claims in this action. They will be severed into a new case, and an amended complaint must be filed in that action.

## ORDER

**IT IS ORDERED:**

1. Plaintiff may proceed on Eighth Amendment claims against Defendant Rona Siegert. All other claims against all other Defendants are DISMISSED and those Defendants are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims.

2. Defendant Rona Siegert will be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendant chooses to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the

       Complaint (Dkt. 1), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

> Oscar S. Klaas, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706 on behalf of Defendant Rona Siegert.

3. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

4. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

5. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 11**

6. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

7. Dispositive motions must be filed no later than 300 days after entry of this Order.

8. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

9. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 12**

litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

11. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

12. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

13. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

14. The Clerk of Court shall sever Plaintiff's conditions of confinement claims into a new action under a new case number and file this Order in that action. Plaintiff shall have 30 days after the date of this Order in which to file an amended complaint following the guidelines set

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 13**

forth above. Failure to do so will result in the conditions of confinement claims being dismissed with or without prejudice under Rule 41(b).

DATED: December 3, 2021

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 14**